Opinion issued December 21, 2006












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00253-CV






RICK WALKER AND JESSICA RAPPA, Appellants


V.


DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee






On Appeal from the 344th District Court

Chambers County, Texas

Trial Court Cause No. 21777






O P I N I O N

 Appellant Rick Walker's parental rights to his two minor children were
terminated after a bench trial. In five issues, Walker contends that the trial court erred
in refusing to make findings of fact and conclusions of law (issue 1) and that the
evidence is legally and factually insufficient to prove that he (1) knowingly placed
or knowingly allowed the children to remain in conditions or surroundings which
endanger the physical or emotional well-being of the children and (2) engaged in
conduct or knowingly placed the children with persons who engaged in conduct
which endangers the physical or emotional well-being of the children (issues 2
through 5). See Tex. Fam. Code Ann. § 161.001(1)(D), (E) (Vernon Supp. 2006). 
We reverse.

Facts

 Chambers County Child Protective Services (CPS) investigated an anonymous
tip that Jessica Rappa, the mother of the two children, was leaving the children
supervised by numerous different men in a known drug neighborhood. When CPS
arrived at Rappa's residence, Rappa answered the door, said she was not "the lady of
the house," closed the door, and left by the back door. CPS found the two children
alone in a room with a four-to-five inch knife on the floor near them. The younger
child was eating from a box of brownie mix. CPS also found on a tabletop a razor
blade and an unknown white residue, which was never analyzed to determine if it was
contraband. CPS took the children after attempting to place them with other family
members.

 At the time CPS investigated Rappa, Walker was in jail on pending charges of
sexual assault of an unrelated minor. Both Walker and Rappa have convictions for
possession of crack cocaine, and Rappa was on parole. No evidence was introduced
at trial to establish when Walker committed his prior offenses for possession of a
controlled substance. Walker testified at trial that he was not a drug user, but
admitted that he had sold drugs.

 Appellee Department of Family and Protective Services (DFPS) filed its
petition to terminate both Walker's and Rappa's parental rights to the two minor
children. After a bench trial, the trial court terminated both parents' rights. Walker
and Rappa filed notices of appeal, but Rappa moved to dismiss her appeal. This
Court granted Rappa's motion on August 7, 2006 in an interlocutory order.

 Following the bench trial, the trial court signed an order terminating Walker's
parental rights to the two children on the following grounds:

 7.1 The Court finds by clear and convincing evidence that
termination of the parent-child relationship between RICK
WALKER and the child , is in the child's best interest.

 

 7.2 Further, the Court finds by clear and convincing evidence that
RICK WALKER has:

 

 7.2.1. knowingly placed or knowingly allowed the children
to remain in conditions or surroundings which
endanger the physical or emotional well-being of the
children;


 7.2.2. engaged in conduct or knowingly placed the
children with persons who engaged in conduct
which endangers the physical or emotional well-being of the children;

Because both Walker's and Rappa's parental rights were terminated, the trial court
appointed DFPS as managing conservator of the children, as required by Family Code
section 161.207. Tex. Fam. Code Ann. § 161.207 (Vernon 2002).

Standard of Review

 The evidence in support of termination must be clear and convincing before a
court may involuntarily terminate a parent's rights. Santosky v. Kramer, 455 U.S.
745, 747, 102 S. Ct. 1388, 1391 (1982); Tex. Fam. Code Ann. § 161.001 (Vernon
Supp. 2006). Clear and convincing evidence is "the measure or degree of proof that
will produce in the mind of the trier of fact a firm belief or conviction as to the truth
of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007
(Vernon 2002); In re J.F.C., 96 S.W.3d 256, 264 (Tex. 2002). Because termination
findings must be based upon clear and convincing evidence, not simply a
preponderance of the evidence, the Texas Supreme Court has held that the traditional
legal and factual standards of review are inadequate. In re J.F.C., 96 S.W.3d at
264-66. Instead, in conducting a legal-sufficiency review in a termination-of-parental-rights case, we must determine whether the evidence, viewed in the light
most favorable to the finding, is such that the fact finder could reasonably have
formed a firm belief or conviction about the truth of the matter on which the State
bore the burden of proof. See id. at 266. In viewing the evidence in the light most
favorable to the judgment, we "must assume that the factfinder resolved disputed
facts in favor of its finding if a reasonable factfinder could do so," and we "should
disregard all evidence that a reasonable factfinder could have disbelieved or found
to have been incredible." In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005) (quoting In
re J.F.C., 96 S.W.3d at 266).

Grounds for Termination

 In proceedings to terminate the parent-child relationship brought under Family
Code section 161.001, DFPS must establish, by clear and convincing evidence, one
or more of the acts or omissions enumerated under subsection (1) of section 161.001
and that termination is in the best interest of the child. Tex. Fam. Code Ann.
§ 161.001 (Vernon Supp. 2006). Both elements must be established, and termination
may not be based solely on the best interest of the child as determined by the trier of
fact. Tex. Dep't of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987). We will
review the sufficiency of the evidence presented under the specific statutory grounds
found by the trial court in its termination order. Cervantes-Peterson v. Tex. Dep't of
Family & Protective Servs., No. 01-05-00307-CV, slip op. at 15 (Tex.
App.--Houston [1st Dist.] Aug. 3, 2006, no pet.).

Sufficiency of the Evidence

 In issue 2, Walker argues that the evidence is legally insufficient to support the
trial court's termination of his parental rights because DFPS did not present any
evidence that Walker (1) knowingly placed or knowingly allowed the children to
remain in conditions or surroundings which endanger the physical or emotional well-being of the children and (2) engaged in conduct or knowingly placed the children
with persons who engaged in conduct which endangers the physical or emotional
well-being of the children.

 The evidence at trial was that Walker was in jail at the time CPS investigated
and removed the children from Rappa's house. Walker argues that the facts adduced
at trial do not constitute legally sufficient evidence that the children were in
conditions or surroundings which endangered their physical or emotional well-being,
but in any event, there is no evidence that he did or did not do anything to endanger
the physical or emotional well-being of the children because he was in jail at that
time. The fact that a parent is incarcerated, standing alone, does not constitute
engaging in conduct that endangered a child's physical or emotional well-being. 
Boyd, 727 S.W.2d at 533-34.

 In its appellate brief, DFPS does not respond to Walker's legal-sufficiency
argument by citing to any facts in the record that support termination based on any
action or inaction by Walker that endangered the physical or emotional well-being of
the children. Our review of the record indicates that (1) Walker was in jail at the time
of Rappa's actions that led to the termination of her parental rights and (2) Rappa was
the children's mother at the time CPS intervened, therefore establishing she had
custody of the children.

 Accordingly, we hold that the evidence was legally insufficient for a reasonable
fact finder to form a "firm belief or conviction" that Walker either (1) knowingly
placed or knowingly allowed the children to remain in conditions or surroundings
which endangered the physical or emotional well-being of the children and (2)
engaged in conduct or knowingly placed the children with persons who engaged in
conduct which endangers the physical or emotional well-being of the children. We
further hold that the trial court erred in terminating Walker's parental rights on the
ground that he violated section 161.001(1)(D), (E).

 We sustain issue 2. Having held that the trial court's findings to terminate
Walker's parental rights under section 161.001(1)(D), (E) were not supported by
legally sufficient evidence, we need not address issues 1, 3, 4, and 5.

Disposition


 We reverse the portion of the order related to the termination of Walker's
parental rights. Because the trial court appointed DFPS as managing conservator of
the children under Family Code section 161.207 as a necessary consequence of the
termination of both Rappa's and Walker's parental rights, and made no findings to
support the appointment of DFPS as managing conservator without the termination
of Walker's parental rights under Family Code section 263.404, we also reverse the
portion of the order that appointed DFPS as managing conservator. See Tex. Fam.
Code Ann. § 263.404 (Vernon 2002) (allowing trial court to appoint DFPS as
managing conservator without termination of parental rights when trial court makes
specific findings).

 When reversing the trial court's judgment or appealable order, we usually
render the judgment or order that the trial court should have rendered. Tex. R. App.
P. 43.3. However, in a case involving the involuntary termination of parental rights
in which the trial court does not order termination of the parent-child relationship,
Family Code section 161.205 requires that the trial court either (1) render an order
denying the petition or (2) render any order in the best interest of the child. See Tex.
Fam. Code Ann. § 161.205 (Vernon 2002). An appellate court is not in a position
to determine whether simply to deny the petition for termination, or to render some
other order in the best interest of the child. Circumstances concerning the child or
parent may have changed since the trial court rendered its order of termination, a
matter that requires a factfinder. We are therefore unable to render a judgment that
disposes of all remaining issues in the case and must remand the case in part to the
trial court for further proceedings. See Tex. R. App. P. 43.3(a). (1)

 Accordingly, we render judgment in part that Walker's parental rights are not
terminated, and we remand the case in part to the trial court for the limited purpose
of rendering an order disposing of the portion of the petition relating to Walker
consistent with Family Code section 161.205.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.


Justice Jennings, concurring in part and dissenting in part.
1. We briefly respond to the dissent. First, the Court is returning this case to the
trial court with a partial rendition on the issue of termination of parental rights. 
Family Code section 161.205, although not cited by the parties, is the controlling
authority for how the trial court must proceed on remand. While the Court may well
be raising the controlling law sua sponte, we are not aware of any authority that
prevents us from applying the law merely because the parties did not cite to it.

 Second, the Court is not reversing on unassigned error, which, if true, would
be serious error. As previously discussed, the circumstances of this case required the
trial court to appoint a managing conservator once both parents' rights were
terminated. The error was the termination of Walker's parental rights; the legal
consequence of that error was the appointment of DFPS as managing conservator. 
There is no legal or public policy reason for requiring Walker to object separately in
the trial court and raise a separate point of error or issue presented on appeal
concerning DFPS's appointment. That point of error or issue presented would
necessarily be based on the same legal issue Walker has already brought before this
Court--whether the trial court erred in terminating Walker's parental rights.

 Finally, the dissent contends that because the trial court has continuing
jurisdiction over the children, it is unnecessary to remand because Walker could ask
the trial court to remove DFPS as managing conservatorship of his children. We see
no reason to shift the burden to Walker to challenge DFPS's appointment as
managing conservator, when under Family Code section 161.205 it is DFPS's burden
to challenge Walker on this issue. Walker's rights to his children are constitutionally
protected and can only be taken away by appropriate due process and due course of
law.